NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENYI XIONG,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　16-71021<br><br>Agency No. A087-886-462<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:　LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

　Wenyi Xiong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

We do not consider the materials Xiong references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to when Xiong first learned about Christianity, the date of his alleged persecution, the number of times the police interrogated him, the churches he attended in the United States, and his occupation in China.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances).  Xiong's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Xiong's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Xiong's CAT claim also fails because it is based on the same testimony the agency found not credible, and Xiong does not point to any other evidence in the

record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**